UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENITO VASQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>KITSAP COUNTY; KITSAP COUNTY TRANSIT,<br><br>        Defendants. | CASE NO. C07-5576BHS<br><br>ORDER GRANTING KITSAP COUNTY'S MOTION FOR DISMISSAL UNDER FED. R. CIV. P. 12(b)(6) |

    This matter comes before the Court on Kitsap County's Motion for Dismissal Under Fed. R. Civ. P. 12(b)(6) (Dkt. 7). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

    Plaintiff Benito Vasquez contends that he was assaulted on the South Kitsap Transit Base in Port Orchard, Washington by James Robert Sellars, Charles Higgins, and other employees of Kitsap Transit. Dkt. 1 at 2. Mr. Vasquez contends that Mr. Sellars was hired and negligently supervised despite his employer's knowledge of his assaultive behavior. *Id.* at 2-3. Mr. Vasquez contends that he was subjected to sexual and racial harassment amounting to a hostile work environment and that he was wrongfully terminated for complaining about his work environment. *Id.* at 3-4.

ORDER - 1

1     Defendant Kitsap County now moves to dismiss the complaint with prejudice on the grounds that the complaint contains no allegations or inferences that Kitsap County engaged in violations of the law, Kitsap County and Kitsap Transit are separate and distinct municipal corporations, and the complaint is barred by the doctrine of res judicata. Dkt. 7 at 1. Plaintiff has not responded to the motion, and the Court deems such failure to respond to be an admission that the motion has merit. *See* Local Rule CR 7(b)(2).

## II. DISCUSSION

    Motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295, 1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require detailed factual allegations but must provide the grounds for entitlement to relief and not merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974. While the Court's consideration of a motion to dismiss is generally limited to the pleadings, the Court may take judicial notice of matters of public record. Fed. R. Civ. P. 12(d); *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).

    In this case, Kitsap County asks the Court to take judicial notice of a previous complaint filed by Mr. Vasquez and an order entered in that action. Dkt. 7 at 2. The Court takes judicial notice of the fact and contents of both filings in *Vasquez v. Kitsap County*, No. C05-5359FDB, under Federal Rule of Evidence 201.

    Kitsap County seeks dismissal on the grounds that Mr. Vasquez fails to include any allegations that individuals mentioned in the complaint were employed by or affiliated with Kitsap County at the time of the incidents referenced in the complaint. Dkt.

7 at 2. The complaint references several individuals who are alleged employees of Kitsap Transit, not Kitsap County. The only allegation concerning Kitsap County is that Kitsap Transit is a political subdivision thereof. *See* Dkt. 1 at 1. Kitsap County is not Mr. Vasquez's employer, and Plaintiff does not allege that the individuals mentioned in the complaint (who are not parties to this suit) are employees of Kitsap County. Plaintiff having failed to bring any allegations implicating Kitsap County, Kitsap County's Motion for Dismissal (Dkt. 7) should be granted.

Kitsap County also seeks dismissal with prejudice on the grounds of res judicata because Mr. Vasquez's previous suit against Kitsap County also involved the alleged assault by Messrs. Sellars and Higgins. The order dismissing Kitsap County from that suit does not specify whether Kitsap County was dismissed with or without prejudice, and it is unclear whether the dismissal was based on the merits. Therefore, the Court concludes that Kitsap County should be dismissed without prejudice.

### III. ORDER

Therefore, it is hereby

**ORDERED** that Kitsap County's Motion for Dismissal Under Fed. R. Civ. P. 12(b)(6) (Dkt. 7) is **GRANTED**, and Kitsap County is **DISMISSED WITHOUT PREJUDICE**.

DATED this 24th day of January, 2008.

BENJAMIN H. SETTLE
United States District Judge