1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

BENITO VASQUEZ,

              Plaintiff,

    v.

KITSAP COUNTY; KITSAP COUNTY
TRANSIT,

            Defendants.

CASE NO. C07-5576BHS

ORDER GRANTING KITSAP
TRANSIT'S MOTION TO
DISMISS PLAINTIFF'S
CLAIMS

      This matter comes before the Court on Kitsap Transit's Motion to Dismiss
Plaintiff's Claims (Dkt. 8). The Court has considered the motion and the opposition
thereto and hereby grants the motion for the reasons herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

      Plaintiff Benito Vasquez contends that he was assaulted on the South Kitsap
Transit Base in Port Orchard, Washington by James Robert Sellars, Charles Higgins, and
other employees of Kitsap Transit.[1] Dkt. 1 at 2. Mr. Vasquez contends that Mr. Sellars
was hired and negligently supervised despite his employer's knowledge of his assaultive
behavior. *Id.* at 2-3. Mr. Vasquez contends that he was subjected to sexual and racial

---

[1] Kitsap Transit contends that the complaint's reference to "Kitsap County Transit" is in error. For the sake
of consistency, the Court refers to Defendant Kitsap County Transit as "Kitsap Transit."

1  harassment amounting to a hostile work environment and that he was wrongfully

2  terminated for complaining about his work environment. *Id.* at 3-4.

3  ## II. DISCUSSION

4  Motions to dismiss may be based on either the lack of a cognizable legal theory or

5  the absence of sufficient facts alleged under such a theory. *Balistreri v. Pacifica Police*

6  *Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted

7  and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295,

8  1301 (9th Cir. 1983). To survive a motion to dismiss, the complaint does not require

9  detailed factual allegations but must provide the grounds for entitlement to relief and not

10  merely a "formulaic recitation" of the elements of a cause of action. *Bell Atlantic Corp. v.*

11  *Twombly,* 127 S. Ct. 1955, 1965 (2007). Plaintiffs must allege "enough facts to state a

12  claim to relief that is plausible on its face."  *Id.* at 1974.

13  While the Court's consideration of a motion to dismiss is generally limited to the

14  pleadings, the Court may take judicial notice of matters of public record. Fed. R. Civ. P.

15  12(d); *see Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994). For purposes of

16  considering a motion to dismiss on the grounds of subject matter jurisdiction, the Court

17  may consider matters outside of the pleadings. *Association of American Medical Colleges*

18  *v. U.S.*, 217 F.3d 770, 778 (9th Cir. 2000). In addition, the Court may consider materials

19  whose contents are alleged in the complaint. *In re Silicon Graphics Inc. Securities*

20  *Litigation*, 183 F.3d 970, 976 (9th Cir. 1999).

21  Accordingly, the Court has considered the letter notifying Mr. Vasquez of his

22  termination and referenced on page four of the complaint (Dkt. 10-2, Exh. A at 2-3), the

23  November 2004 charge of discrimination (Dkt. 10-2, Exh. B at 5), the March 2005 charge

24  of discrimination (Dkt. 10-2, Exh. C at 8), the notice of charge of discrimination (Dkt. 10-

25  2, Exh. D at 11), and the claim for damages (Dkt. 21-2, Exh. D at 7).

26

27

28

1  **A.      KITSAP COUNTY'S MOTION**

2        On December 21, 2007, Defendant Kitsap County moved to dismiss the complaint

3  with prejudice on the grounds that the complaint contains no allegations or inferences that

4  Kitsap County engaged in violations of the law, Kitsap County and Kitsap Transit are

5  separate and distinct municipal corporations, and the complaint is barred by the doctrine

6  of res judicata. Dkt. 7 at 1.

7        Plaintiff's response to the motion was due on or before January 14, 2008. *See*

8  Local Rule CR 7(d)(3). On January 17, 2008, the Clerk of Court received Mr. Benito's

9  opposition to the motion. Dkt. 14. Because Mr. Benito did not file electronically, there

10 was delay in uploading Mr. Benito's opposition papers. As a result, Mr. Benito's

11 untimely response was neither noted nor considered by the Court. Dkt. 18 at 2 ("Plaintiff

12 has not responded to the motion, and the Court deems such failure to respond to be an

13 admission that the motion has merit. *See* Local Rule CR 7(b)(2)."). The Court also

14 addressed the merits of Kitsap County's motion to dismiss and granted the motion

15 because Mr. Benito "failed to bring any allegations implicating Kitsap County." Dkt. 18

16 at 3.

17       In the interest of fairness to Plaintiff, who is proceeding pro se, the Court has

18 considered Plaintiff's untimely opposition and the materials filed in support thereof to

19 determine whether reconsideration or modification of the Court's order dismissing Kitsap

20 County is appropriate. Mr. Benito's response is difficult to understand but appears to

21 allege that the public duty doctrine applies to Kitsap County and bars dismissal. *See* Dkt.

22 14 at 3 ("Therefore, once it has been established as a matter of law negligence action

23 causing liability to the county for failing to public duty doctrine '' to protect and serve ::

24 all the people."). This contention presupposes involvement by Kitsap County in the facts

25 alleged by Plaintiff and cannot justify denial of the motion to dismiss.

26

27

28

1    **B.      KITSAP TRANSIT'S MOTION**

2         Kitsap Transit originally moved to dismiss all claims. Dkt. 8. In the reply, Kitsap

3    Transit withdrew its arguments regarding dismissal of Plaintiff's Title VII retaliation

4    claim. Dkt. 17.

5         **1.      Title VII Hostile Work Environment**

6         Kitsap Transit seeks dismissal of Plaintiff's hostile work environment claim on the

7    grounds of res judicata because Mr. Vasquez's previous suit against Kitsap County also

8    involved the alleged assault by Messrs. Sellars and Higgins. Kitsap Transit was dismissed

9    from that suit for insufficiency of service of process. Therefore Mr. Vasquez's previous

10   suit is not afforded res judicata effect.

11        Kitsap Transit also contends that dismissal of Mr. Vasquez's hostile work

12   environment claim is proper because Mr. Vasquez's suit is untimely. Mr. Vasquez

13   received a "Dismissal and Notice of Rights" dated March 4, 2005, informing him that he

14   must file suit within ninety days. Dkt. 10-2, Exh. C at 8. Mr. Vasquez failed to do so, and

15   his hostile work environment claim is therefore untimely.

16        **2.      State Law Claims**

17        Negligence claims are subject to the three-year statute of limitations. RCW

18   4.16.080; *Washington v. Boeing Co.*, 105 Wn. App. 1, 18 (2000). Mr. Vasquez's

19   negligence claims arise out of the alleged assault on June 10, 2002. *See* Dkt. 1 at 3 ("[A]s

20   a result of the negligent hiring of Mr. Sellars, Plaintiff was injured when Mr. Sellars

21   assaulted him in a workplace environment. . . . As a direct result of the failure of Kitsap to

22   responsibly supervise James Robert Sellars, Plaintiff was attacked."). Plaintiff did not file

23   suit until October 19, 2007. Dkt. 1. Plaintiff's negligent hiring and negligent supervision

24   claims are therefore barred by the statute of limitations.

25        Kitsap Transit also offers several other grounds upon which Mr. Vasquez's

26   negligence claims should be dismissed. The Court finds that even if Mr. Vasquez's

27   negligence claims were not time barred, the Court lacks jurisdiction because there is no

28

1   evidence that he provided timely notice of the negligence claims he asserts in this lawsuit.

2   *See* RCW 4.96.020(4) ("No action shall be commenced against any local governmental

3   entity . . . for damages arising out of tortious conduct until sixty days have elapsed after

4   the claim has first been presented to and filed with the governing body thereof."); Dkt.

5   21-2, Exh. D at 10 (claim alleging negligent supervision of Roy Harrington).

6          Alternatively, Washington's Industrial Insurance Act provides the exclusive

7   remedy for Mr. Vasquez's negligence claims. RCW 51.04.010 (abolishing civil causes of

8   action for workers injured in employment).

9                                    **III. ORDER**

10         Therefore, it is hereby

11         **ORDERED** that  Kitsap Transit's Motion to Dismiss Plaintiff's Claims (Dkt. 8) is

12   **GRANTED**, and Plaintiff's Title VII hostile work environment, negligent hiring, and

13   negligent supervision claims are **DISMISSED** for lack of subject matter jurisdiction.

14         DATED this 4th day of February, 2008.

15

16

17   _____

18   BENJAMIN H. SETTLE
     United States District Judge

19

20

21

22

23

24

25

26

27

28

ORDER - 5