UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BENITO VASQUEZ,<br><br>        Plaintiff,<br><br>    v.<br><br>KITSAP TRANSIT,<br><br>        Defendant. | Case No. C07-5576BHS<br><br>ORDER NOTIFYING PLAINTIFF OF REQUIREMENTS TO RESPOND TO MOTION FOR SUMMARY JUDGMENT |

The Court, having considered the complaint and the files and records herein, does hereby notify Plaintiff of the requirements to respond to Defendant's motion for summary judgment. Dkt. 45.

(1) Defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure (Fed. R. Civ. P. 56), which was noted for consideration on January 30, 2009. Dkt. 45. Plaintiff failed to file a response. However, because Plaintiff is proceeding pro se, the Court will allow Plaintiff the opportunity to respond. Plaintiff is notified that under Local Civil Rule 7(b)(2), "[i]f a party fails to file papers in opposition to a motion, such failure may be considered by the court as an admission that the motion has merit."

(2) When a party files a motion for summary judgment pursuant to Fed. R. Civ. P. 56, the opposing party must respond, by affidavits or as otherwise provided in Rule 56, and must set forth specific facts showing that there is a genuine issue for trial. In the event Defendant files a motion for summary judgment by which it seeks to have the case dismissed, Plaintiff is notified that summary judgment under Fed. R. Civ. P. 56 will, if granted, end the case.

ORDER – 1

Rule 56 tells Plaintiff what he must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact – that is, if there is no real dispute about any fact that would affect the result of Plaintiff's case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end Plaintiff's case. When a party Plaintiff is suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), Plaintiff cannot simply rely on his assertions contained in the complaint. Instead, Plaintiff must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in Defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If Plaintiff does not submit his own evidence in opposition, then summary judgment, if appropriate, may be entered against him. If summary judgment is granted, Plaintiff's case will be dismissed and there will be no trial. *See Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

(3) Defendant's motion for summary judgment is renoted for consideration on the Court's March 6, 2009 calendar. Plaintiff may file a response to the motion for summary judgment, including declarations, depositions, answers to interrogatories, or authenticated documents, no later than March 2, 2009, and shall provide a copy of any such response to Defendant's counsel by that date. If Plaintiff does not file a response providing the appropriate documentation as described above, judgment will likely be granted in Defendant's favor. If judgment is granted in Defendant's favor, the case will be dismissed and there will be no trial. Counsel for Defendant may file any reply to a response by March 6, 2009.

DATED this 17th day of February, 2009.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2